DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| SOUTHLAND GAMING OF THE VIRGIN ISLANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS AND GOVERNOR ALBERT BRYAN, IN HIS OFFICIAL CAPACITY,[1] <br><br> Defendants, <br><br> And <br><br> VIGL OPERATIONS, LLC, <br><br> Intervenor. | Case No. 3:18-cv-0107 |

### ORDER

**THIS MATTER** came before the Court for a telephonic status conference held on July 22, 2020. During the status conference, the Court inquired into whether the parties had been given an opportunity to address the merits of Southland Gaming of the Virgin Islands, Inc.'s ("Southland") claims. The Court granted Southland an opportunity to identify where in the record the parties were put on notice that the Court would be ruling on the merits of Southland's claims prior to its April 10, 2020 Order. Southland filed a response on July 24, 2020. For the reasons stated below, the Court concludes that the record does not reflect that the parties were put on notice that the Court would be ruling on the merits of Southland's claims. Thus, the Court will vacate that portion of its April 10, 2020 Order finding a breach of contract and an unconstitutional impairment of Southland's agreement with the Government of the Virgin Islands ("GVI"). The Court will also be issuing deadlines to bring this case to a final disposition.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the caption of this matter was changed to reflect the substitution of the current Governor as a party.

In 2003, Southland and the GVI entered into a contract under which Southland would "design, install and operate a video lottery control system, maintain and operate entertainment centers which primarily offers video lottery games and services and maintain video lottery terminals [("VLTs")] and other related equipment" in the St. Thomas/St. John district (the "VLT contract"). *See* ECF No. 1, Ex. 1 at 1. The VLT contract provided that Southland would be the "exclusive supplier" of VLTs for the GVI and that the GVI would "not contract with any other party for delivery or management of [VLTs]." *See id.* at 3.

At the time the VLT contract was executed, Virgin Islands law permitted the operation of VLTs only in St. Thomas and St. John. Slot machines, on the other hand, were permitted only in St. Croix. In 2016, the Virgin Islands Legislature passed legislation allowing the operation of slot machines at the St. Thomas horse racetrack. The GVI also entered into a contract with VIGL Operations, LLC, ("VIGL") under which VIGL was to construct and operate at the St. Thomas racetrack "a racino featuring slot machines and other games of chance" (the "slot machine contract"). *See* ECF No. 156, Ex. 10 at 21.

On December 18, 2018, Southland Gaming filed a complaint against the GVI in this Court alleging that the slot machine contract and 2016 legislation breached the exclusivity agreement in VLT contract. Southland's complaint includes two causes of action: (1) a violation of the Contracts Clause of the United States Constitution; and (2) breach of contract.

A significant issue in this case is the VLT contract's definition of a VLT and the resulting scope of the VLT contract's exclusivity provision. Southland argues that the VLT definition is broad enough to encompass slot machines, and that by entering into a contract with VIGL for the delivery and management of slot machines in St. Thomas, the GVI breached the VLT contract's exclusivity provision. The GVI argues, of course, that the VLT definition does not include slot machines, and therefore the GVI did not breach the VLT contract.

On November 19, 2019, the Court bifurcated the trial in this matter into a merits phase and a remedial phase. As part of the merits phase, the Court scheduled a hearing to address the definition issue discussed above, namely

> Whether the "slot machines" contemplated in Virgin Islands Act No. 7952 and/or Virgin Islands Act No. 7953 are the functional equivalent of "video lottery terminals" contemplated in the July 29, 2003, Agreement

> (or its 2013 amendment) between the Virgin Islands Government and Southland Gaming of the Virgin Islands, Inc.

ECF No. 122 at 2. The Court referred to this hearing as the "VLT Definition Trial." The Court later determined that the VLT definition issue would be determined on the written submissions of the parties. A trial on the merits of any remaining issues was scheduled to be held at a later date.

The parties filed their VLT definition briefs and supporting evidence on March 6, 2020. Other than conclusory assertions that the resolution of the VLT definition issue resolved the merits of this matter in their entirety, neither party actually addressed the merits of Southland's claims, that is, the elements of a breach of contract or Contracts Clause claim. On April 10, 2020, the Court entered an order finding that "the slot machines contemplated in Virgin Islands Act No. 7952 and Virgin Islands Act No. 7953 are the functional equivalent of the VLTs contemplated in the VLT contract between the GVI and Southland." *See* ECF No. 162 at 13-14. The Court's order further went on to rule on the merits of Southland's claims, holding that (1) by passing legislation permitting slot machines on St. Thomas, the GVI violated the Contracts Clause of the United States Constitution; and (2) by executing the slot machine contract, the GVI breached the VLT contract. The Court did not determine what remedy to award Southland for these claims.

Upon further consideration of this matter, the Court believes that by ruling on the merits of Southland's claims, the April 10, 2020 Order exceeded its expected scope, and the parties were not provided adequate notice of what was on the table. The Court made it clear in several orders that it would be addressing only the narrow question of whether VLTs are the functional equivalent of slot machines. The Court never indicated that the answer to this question finally resolved the merits of this case. Indeed, the Court's orders contemplated the necessity of an additional hearing to address "the merits of any remaining issues." *See* ECF No. 122 at 2. Further, the Court is now of the opinion that the resolution of the VLT definition issue is not fully dispositive of Southland's claims and that the Court erred in ruling that they were. As such, the Court finds it necessary to vacate those portions of the April 10, 2020 Order finding a breach of contract and an unconstitutional impairment of contract.

The premises considered, it is hereby

**ORDERED** that the portions of the Court's April 10, 2020 Order ruling on the merits of Southland's breach of contract and Contract Clause claims are **VACATED**; it is further

**ORDERED** that the parties (including Intervenor VIGL Operations, LLC), shall adhere to the following schedule:

1. The deadline to amend the pleadings has expired.
2. No later than August 3, 2020, the parties shall file an updated Discovery Memorandum pursuant to LRCi 16.1(a).
3. The parties shall complete mediation no later than September 4, 2020. Within three (3) days of the completion of mediation, the parties shall file a joint notice informing the Court of the outcome of mediation. The parties are encouraged to discuss the possibility of settlement throughout the proceedings.
4. A telephonic status conference shall be held on September 9, 2020, at 10:00 a.m. The parties will be provided with the call-in information at a later time.
5. Dispositive motions, if any, shall be filed no later than September 18, 2020. Responses to dispositive motions shall be filed within fifteen (15) days of service of the motion. Replies to responses shall be filed within seven (7) days of service of the response. No further briefing on dispositive motions shall be permitted.
6. No later than October 16, 2020, the parties shall file a proposed Joint Final Pretrial Order pursuant to LRCi. 16.1(b).

**Dated:** July 28, 2020
                                              s/ *Robert A. Molloy*
                                              **ROBERT A. MOLLOY**
                                              **District Judge**